UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL WASHINGTON,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>J. CICONE, et al.,<br><br>　　　　Defendants. | Case No.: 1:17-cv-00515-DAD-SAB (PC)<br><br>ORDER DENYING, WITHOUT PREJUDICE, PLAINTIFF'S MOTION FOR APPOINTMENT OF COUNSEL<br><br>[ECF No. 8] |

Plaintiff Michael Washington is appearing pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.

Currently before the Court is Plaintiff's motion for appointment of counsel, filed May 11, 2017.

Plaintiff does not have a constitutional right to appointed counsel in this action, Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997), and the court cannot require any attorney to represent plaintiff pursuant to 28 U.S.C. § 1915(e)(1). Mallard v. United States District Court for the Southern District of Iowa, 490 U.S. 296, 298 (1989). However, in certain exceptional circumstances the court may request the voluntary assistance of counsel pursuant to section 1915(e)(1). Rand, 113 F.3d at 1525.

///

///

1

Without a reasonable method of securing and compensating counsel, the court will seek volunteer counsel only in the most serious and exceptional cases. In determining whether "exceptional circumstances exist, the district court must evaluate both the likelihood of success on the merits [and] the ability of the [plaintiff] to articulate his claims pro se in light of the complexity of the legal issues involved." Id. (internal quotation marks and citations omitted).

In the present case, the Court does not find the required exceptional circumstances. Plaintiff contends that his mental health condition prevents him from effectively litigating this action. While Plaintiff has alleged and demonstrated that he suffers mental health issues, the Court does not find that the exceptional factors necessary to justify appointment of counsel exist in this case, at the present time. Plaintiff's current motion demonstrates that Plaintiff (and/or his current inmate assistant) understand the process and how to file documents. Furthermore, the Court cannot evaluate the likelihood of success of the merits as the Court has yet to the screen the complaint. The record in this case demonstrates sufficient writing ability and legal knowledge to articulate the claims asserted, even if such filings are done with the assistance of other inmates. Moreover, the exhibits attached to Plaintiff's demonstrate that he may go to the library and seek assistance from staff in the completion of appropriate court requested forms. (Mot. Ex. B, ECF No. 8.) In addition, circumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances that would warrant a request for voluntary assistance of counsel. Accordingly, Plaintiff's motion for appointment of counsel is denied, without prejudice.

IT IS SO ORDERED.

Dated: **May 18, 2017**

UNITED STATES MAGISTRATE JUDGE