# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL WASHINGTON,<br><br>    Plaintiff,<br><br>v.<br><br>J. CICONE, et al.,<br><br>    Defendants. | Case No.: 1:17-cv-00515-DAD-SAB (PC)<br><br>ORDER DISMISSING COMPLAINT, WITH LEAVE TO AMEND, FOR FAILURE TO STATE A COGNIZABLE CLAIM FOR RELIEF<br><br>[ECF No. 1] |

Plaintiff Michael Washington is appearing pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff consented to United States Magistrate Judge jurisdiction, and Defendants declined jurisdiction; therefore, this matter was referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

Currently before the Court is Plaintiff's complaint, which was removed from state court and filed in this Court on April 12, 2017.

## I.

## SCREENING REQUIREMENT

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that "fails to state a claim on which relief may be granted," or that "seeks

1

monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Plaintiff must demonstrate that each named defendant personally participated in the deprivation of his rights. Iqbal, 556 U.S. at 676-677; Simmons v. Navajo County, Ariz., 609 F.3d 1011, 1020-1021 (9th Cir. 2010).

Prisoners proceeding pro se in civil rights actions are still entitled to have their pleadings liberally construed and to have any doubt resolved in their favor, but the pleading standard is now higher, Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012) (citations omitted), and to survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Serv., 572 F.3d 962, 969 (9th Cir. 2009). The "sheer possibility that a defendant has acted unlawfully" is not sufficient, and "facts that are 'merely consistent with' a defendant's liability" falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

## II.

## COMPLAINT ALLEGATIONS

On September 24, 2015, while Plaintiff was housed at Corcoran State Prison, he allowed inmate Williams to watch Plaintiff's RCA television due to a disagreement over the dayroom television. Plaintiff asked inmate Williams to store the television inside his locker once the football game was over, and inmate Williams did so. However, Defendant correctional officer Padilla went into the dorm and confiscated Plaintiff's television from Williams, as there was racial tension amongst African-American and Hispanic inmates over the dayroom television. Plaintiff was advised that inmate Perez told officer Padilla (who is Hispanic) that Plaintiff's television was inside Williams's locker. After Plaintiff's television was confiscated, Plaintiff approached Padilla with the receipts for

2

his television, and Padilla was unprofessional about the matter. Padilla told Plaintiff to write him up because he was not getting his television back.

On September 26, 2013, Defendant sergeant J. Cicone, had Plaintiff placed in administrative segregation based on confidential information he received of a threat by Plaintiff that he was going to kill Padilla if he did not return his television. Plaintiff contends that because confidential information was used against him, he was denied his rights under the Sixth Amendment.

On October 2, 2015, B. Phillips was assigned as Plaintiff's investigative employee. Plaintiff spoke with Phillips about the incident on September 26, 2015, and Plaintiff presented a list of fourteen witnesses he wished for Phillips to interview. However, Phillips refused to take the list of witnesses.

On October 8, 2015, Plaintiff received Phillips' report and it indicated that Plaintiff did not request any witnesses and was not in need of assistance at his disciplinary hearing. Plaintiff requested a new investigator to be appointed and postponement of the disciplinary hearing. However, Plaintiff never received a response to his request.

On October 18, 2015, Plaintiff signed a postponement and waiver of the disciplinary hearing; however, the hearing proceeded forward. Plaintiff was not allowed to have witness testimony considered or present documentary evidence in support of his defense. Plaintiff was found guilty of the rules violation report and received a loss of sixty days good-time credits as well as other privileges.

On June 1, 2016, Plaintiff requested the findings of the rules violation report and discovered that Dr. K. Geis indicated that he conducted a psyche evaluation on Plaintiff. However, Plaintiff contends that Dr. Geis never performed a psyche evaluation on him between the months of March to November 2015. Plaintiff was not taking any psyche medication. After Plaintiff was found guilty of the offense, he was placed on a transportation bus, despite the fact that he was suffering from mental health problems.

### III.
### DISCUSSION

**A.  Supervisory Liability**

Plaintiff names Scott Kernan, Secretary of the California Department of Corrections and Rehabilitation. However, Plaintiff fails to set forth any basis for liability against Defendant Kernan.

3

Plaintiff is advised that supervisory personnel may not be held liable under section 1983 for the actions of subordinate employees based on *respondeat superior*, or vicarious liability. Crowley v. Bannister, 734 F.3d 967, 977 (9th Cir. 2013); accord Lemire v. California Dep't of Corr. and Rehab., 726 F.3d 1062, 1074-75 (9th Cir. 2013); Lacey v. Maricopa County, 693 F.3d 896, 915-16 (9th Cir. 2012) (en banc). "A supervisor may be liable only if (1) he or she is personally involved in the constitutional deprivation, or (2) there is a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation." Crowley, 734 F.3d at 977 (citing Snow, 681 F.3d at 989) (internal quotation marks omitted); accord Lemire, 726 F.3d at 1074-75; Lacey, 693 F.3d at 915-16. "Under the latter theory, supervisory liability exists even without overt personal participation in the offensive act if supervisory officials implement a policy so deficient that the policy itself is a repudiation of constitutional rights and is the moving force of a constitutional violation." Crowley, 734 F.3d at 977 (citing Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989)) (internal quotation marks omitted).

### B. Confiscation of Property

Plaintiff contends that Defendant officer Padilla confiscated his television despite the fact that Plaintiff had a receipt for it.

While an authorized, intentional deprivation of property is actionable under the Due Process Clause, see Hudson v. Palmer, 468 U.S. 517, 532, n.13 (1984) (citing Logan v. Zimmerman Brush Co., 455 U.S. 422, 435-36 (1982)); Quick v. Jones, 754 F.2d 1521, 1524 (9th Cir. 1985), "[a]n unauthorized intentional deprivation of property by a state employee does not constitute a violation of the procedural requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful postdeprivation remedy for the loss is available," Hudson, 468 U.S. at 533.

Plaintiff's allegations relating to the confiscation of his television involve an unauthorized taking, and do not implicate the Due Process Clause of the Fourteenth Amendment because Plaintiff has an adequate post-deprivation remedy under California law and therefore, he may not pursue a due process claim arising out of the unlawful confiscation of his personal property. Barnett v. Centoni, 31 F.3d 813, 816-17 (9th Cir. 1994) (citing Cal. Gov't Code §§810-895). Accordingly, Plaintiff fails to state a cognizable due process clause for the confiscation of his television.

## C. Rules Violation Report-Due Process

The requirements of due process are flexible and the procedural protections required are as the particular situation demands. Wilkinson, 545 U.S. at 224. Inmates are entitled to certain due process considerations when subject to disciplinary sanctions. Brown, 751 F.3d at 987. If the inmate is subjected to a significantly sufficient hardship, "then the court must determine whether the procedures used to deprive that liberty satisfied Due Process." Ramirez, 334 F.3d at 860.

"Prison disciplinary proceedings are not part of a criminal prosecution, and the full panoply of rights due a defendant in such proceedings does not apply." Wolff v. McDonnell, 418 U.S. 539, 556 (1974). With respect to prison disciplinary proceedings, the minimum procedural requirements that must be met are: (1) written notice of the charges; (2) at least 24 hours between the time the prisoner receives written notice and the time of the hearing, so that the prisoner may prepare his defense; (3) a written statement by the fact finders of the evidence they rely on and reasons for taking disciplinary action; (4) the right of the prisoner to call witnesses in his defense, when permitting him to do so would not be unduly hazardous to institutional safety or correctional goals; and (5) legal assistance to the prisoner where the prisoner is illiterate or the issues presented are legally complex. Wolff, 418 U.S. at 563-71. In addition "[s]ome evidence" must support the decision of the hearing officer. Superintendent v. Hill, 472 U.S. 445, 455 (1985). The standard is not particularly stringent and the relevant inquiry is whether "there is *any* evidence in the record that could support the conclusion reached . . . ." Id. at 455-56 (emphasis added).

It has long been established that state prisoners cannot challenge the fact or duration of their confinement in a section 1983 action and their sole remedy lies in habeas corpus relief. Wilkinson v. Dotson, 544 U.S. 74, 78 (2005). Often referred to as the favorable termination rule or the Heck bar, this exception to section 1983's otherwise broad scope applies whenever state prisoners "seek to invalidate the duration of their confinement-either directly through an injunction compelling speedier release or indirectly through a judicial determination that necessarily implies the unlawfulness of the State's custody." Wilkinson, 544 U.S. at 81; Heck v. Humphrey, 512 U.S. 477, 482, 486-487 (1994); Edwards v. Balisok, 520 U.S. 641, 644 (1997). Thus, "a state prisoner's [section] 1983 action is barred (absent prior invalidation)-no matter the relief sought (damages or equitable relief), no matter

the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings)-if success in that action would necessarily demonstrate the invalidity of confinement or its duration." Id. at 81-82.

However, "challenges to disciplinary proceedings are barred by Heck only if the § 1983 action would be seeking a judgment at odds with [the prisoner's] conviction or with the State's calculation of time to be served." Nettles v. Grounds, 830 F.3d 922, 928-29 (9th Cir. 2016) (en banc) (citing Muhammad, 540 U.S. at 754-55. "If the invalidity of the disciplinary proceedings, and therefore the restoration of good-time credits, would not necessarily affect the length of time to be served, then the claim falls outside the core of habeas and may be brought in § 1983." Nettles, 830 F.3d at 929; see also Pratt v. Hedrick, No. C 13-4557 SI (pr), 2015 WL 3880383, at *3 (N.D. Cal. June 23, 2015) (section 1983 challenge to disciplinary conviction not Heck-barred where "the removal of the rule violation report or the restoration of time credits" would not necessarily result in a speedier release for inmate with indeterminate life sentence and no parole date).

Because Plaintiff lost good-time credits as a result of the rules violation report, his claim is barred by Heck, unless and until the disciplinary action has been reversed, expunged or declared invalid, as such credit loss impacts the duration of his confinement.

To the extent Plaintiff contends that the rules violation report was false or that Dr. Geis medical report was false, such claims likewise fails to give rise to a due process violation. Plaintiff is advised that the issuance of a false RVR or false crime report does not, in and of itself, support a claim under section 1983. See, e.g., Ellis v. Foulk, No. 14-cv-0802 AC P, 2014 WL 4676530, at *2 (E.D. Cal. Sept. 18, 2014) ("Plaintiff's protection from the arbitrary action of prison officials lies in 'the procedural due process requirements as set forth in Wolff v. McDonnell.'") (citing Hanrahan v. Lane, 747 F.2d 1137, 1140 (7th Cir. 1984)); Solomon v. Meyer, No. 11-cv-02827-JST (PR), 2014 WL 294576, at *2 (N.D. Cal. Jan. 27, 2014) ("[T]here is no constitutionally protected right to be free from false disciplinary charges.") (citing Chavira v. Rankin, No. C 11-5730 CW (PR), 2012 WL 5914913, at *1 (N.D. Cal. Nov. 26, 2012) ("The Constitution demands due process, not error-free decision-making.")); Johnson v. Felker, No. 1:12-cv-02719 GEB KJN (PC), 2013 WL 6243280, at *6 (E.D. Cal. Dec. 3, 2013) ("Prisoners have no constitutionally guaranteed right to be free from false

accusations of misconduct, so the mere falsification of a [rules violation] report does not give rise to a claim under section 1983.") (citing Sprouse v. Babcock, 870 F.2d 450, 452 (8th Cir. 1989) and Freeman v. Rideout, 808 F.2d 949, 951-53 (2d. Cir. 1986)). Furthermore, the fact that Plaintiff's rules violation report was subsequently dismissed pursuant to the filing of a habeas corpus petition does not demonstrate a due process violation. Accordingly, Plaintiff fails to state a cognizable due process claim.

### D. Sixth Amendment

Plaintiff contends his rights under the Sixth Amendment were violated because he was deprived of the opportunity to confront and cross-examination information provided by a confidential informant.

The Sixth Amendment to the Constitution of the United States guarantees the right of an accused in a criminal prosecution to be confronted with the witnesses against him or her. U.S. Const. Amend. VI. Although the Sixth Amendment rights to confrontation and cross-examination are applicable to criminal trials, they are not applicable to prison disciplinary hearings. Wolff v. McDonnell, 418 U.S. 539, 568 (1974). Accordingly, Plaintiff fails to state a cognizable Sixth Amendment violation.

### E. Violation of Title 15 of the California Code of Regulations

To the extent Plaintiff attempts to seek liability against any Defendant for violation of a state regulations, such claim fails. Violations of state prison rules and regulations, without more, do not support any claims under section 1983. Ove v. Gwinn, 264 F.3d 817, 824 (9th Cir. 2001); Sweaney v. Ada County, Idaho, 119 F.3d 1385, 1391 (9th Cir. 1997). Only if the events complained of rise to the level of a federal statutory or constitutional violation may Plaintiff pursue them under section 1983. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).

## IV.

## CONCLUSION AND ORDER

For the reasons stated, Plaintiff's complaint fails to state a claim upon which relief may be granted. Plaintiff is granted leave to file an amended complaint within thirty (30) days. Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987). Plaintiff may not change the nature of this suit by

adding new, unrelated claims in his amended complaint. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each named defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights. Iqbal, 556 U.S. 662, 678. "The inquiry into causation must be individualized and focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation." Leer v. Murphy, 844 F.2d 628, 633 (9th Cir. 1988). Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . ." Twombly, 550 U.S. at 555 (citations omitted).

Finally, an amended complaint supersedes the original complaint, Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987), and must be "complete in itself without reference to the prior or superseded pleading," Local Rule 220. "All causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." King, 814 F.2d at 567 (citing to London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981)); accord Forsyth, 114 F.3d at 1474.

Based on the foregoing, it is HEREBY ORDERED that:

1. The Clerk's Office shall send Plaintiff an amended civil rights complaint form;
2. Plaintiff's complaint, filed April 12, 2017, is dismissed for failure to state a claim;
3. Within **thirty (30) days** from the date of service of this order, Plaintiff shall file an amended complaint; and
4. If Plaintiff fails to file an amended complaint in compliance with this order, this action will be dismissed for failure to state a claim.

IT IS SO ORDERED.

Dated: **June 5, 2017**

UNITED STATES MAGISTRATE JUDGE